United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ZAVALA-MOLINA | § | |
| AKA: MARIA ZAVALA-DE PEREZ | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:16-108** |
| | § | **Criminal No. 1:14-597-1** |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 26, 2016, Petitioner Maria Zavala-Molina ("Zavala-Molina") filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Zavala-Molina's motion be **DENIED** because her petition is factually and legally meritless on its face.

### I. Procedural and Factual Background

On July 29, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Zavala-Molina for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).[1] U.S. v. Maria Zavala-De Perez, Criminal No. 1:14-597-1, Dkt. No. 7 (hereinafter "CR").

#### A. Rearraignment

On October 28, 2014, Zavala-Molina appeared before the Magistrate Judge and entered a guilty plea to illegally re-entering the United States. CR Dkt. No. 23. Her guilty plea was pursuant to a written plea agreement.

---

[1] The petitioner was indicted as Maria Zavala-De Perez. CR Dkt. No. 7, p. 1. She filed the instant petition as Maria Zavala-Molina. The Court will use the latter name for the sake of consistency.

Zavala-Molina's written plea agreement indicates that she knowingly and voluntarily waived her appellate rights. CR Dkt. No. 23, ¶ 11.

> Defendant is aware that Title 18, U.S.C. § 3792 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 23, ¶ 11.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Zavala-Molina's guilty plea. CR Dkt. No. 21.

### B. Sentencing

In the final presentence report ("PSR"), Zavala-Molina was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 25, p. 4. Zavala-Molina was also assessed an additional 12 level enhancement, because – in 1996 – she had been convicted of the felony of smuggling undocumented aliens. Id.; See U.S.S.G. § 2L1.2(b)(1)(A)(vii). Zavala-Molina received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Zavala-Molina was assessed a total offense level of 17.

Regarding her criminal history, Zavala-Molina had six adult criminal convictions and was assessed three criminal history points. CR Dkt. No. 25, pp. 5-9. Zavala-Molina was also assessed an additional two criminal history points because she was on supervised release[2] at the time that she committed the instant offense. This resulted in a criminal history category of III. Id., p. 9. Based on Zavala-Molina's offense level of 17 and criminal history category of III, the presentence report identified a guideline sentencing range of 30 to 37 months of

---

[2]Zavala-Molina was on supervised release following a 2012 conviction for ilegally re-entering the United States after having been deported. CR Dkt. No. 25, p. 9.

imprisonment. Id., p. 12.

On February 2, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Zavala-Molina's guilty plea. CR Dkt. No. 31. That same day, the District Court sentenced Zavala-Molina to 30 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 34. The judgment was entered on February 11, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Zavala-Molina's deadline for filing a notice of direct appeal passed on February 25, 2015. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 26, 2016, Zavala-Molina timely[3] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Zavala-Molina asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Zavala-Molina seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. The section

---

[3] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which it initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Zavala-Molina filed her appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Zavala-Molina's claim, the Court is required to construe allegations by pro se litigants liberally to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Zavala-Molina's claim.

4

## A. <u>Waiver of Appellate Rights</u>

Zavala-Molina waived her right to appeal or collaterally attack her sentence when she entered into the plea agreement with the United States.  This waiver bars reliefs under 28 U.S.C. § 2255.  <u>U.S. v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).[4]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." <u>U.S. v. Rodriguez-Estrada</u>, 741 F.3d 648, 650 (5th Cir. 2014).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." <u>U.S. v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Zavala-Molina knowingly and voluntarily waived her appellate rights.  Zavala-Molina's plea agreement expressly states that she was aware of her right to directly appeal her sentence pursuant to 18 U.S.C. § 3742, and her right to collaterally attack her conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 17.  That same paragraph also indicates that Zavala-Molina agreed to waive those rights.

Zavala-Molina has not provided any evidence to indicate that she was unaware of or misunderstood any of the terms within the plea agreement, or evidence to indicate that she pled guilty involuntarily.  Consequently, the record establishes, without a doubt, that Zavala-Molina's waiver was knowingly and voluntarily made.

Moreover, Zavala-Molina's waiver clearly applies to this case.  She is attempting to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by her plea agreement.  Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

---

[4] While the Court has not required the United States to reply to Zavala-Molina's petition, the Court "is entitled to conclude that the government wishes what it bargained for." <u>U.S. v. Del Toro-Alejandre</u>, 489 F.3d 721, 723-24 (5th Cir. 2007).  Even if Zavala-Molina had not waived her appellate rights, the result would be no different, as her claims are substantively meritless.

### B. Johnson is Inapplicable

Even if Zavala-Molina had not waived her right to collaterally attack her conviction, her petition is meritless.  Zavala-Molina asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015).  For the reasons discussed below, Johnson does not apply to Zavala-Molina's case because she was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA.  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The underlined portion of the preceding quotation has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Zavala-Molina, none of it applies to her case. Zavala-Molina was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, she was convicted for violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 7. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 25.  Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Zavala-Molina with a vehicle for relief.

### C. **Gonzalez-Longoria Affords No Relief**

Zavala-Molina makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in <u>U.S. v. Gonzalez-Longoria,</u> 813 F.3d 225 (5th Cir. 2016).  There, the panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235.

Any relief that Zavala-Molina may have found in that decision was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit <u>en banc</u>.[5]

The Fifth Circuit, sitting <u>en banc</u>, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." <u>U.S. v. Gonzalez-Longoria</u>, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).  Thus, Zavala-Molina is entitled to no relief under <u>Gonzalez-Longoria</u>.

Furthermore, an examination of Zavala-Molina's sentence clearly shows that there was no error. Pursuant to U.S.S.G. §§ 2L1.2(b)(1)(A)(vii), a 12 level enhancement was added to Zavala-Molina's offense level because she had a prior alien smuggling conviction. This conviction is defined by the statute, not by reference to a residual "crime of violence" provision.

---

[5] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), <u>reh'g en banc ordered</u>, 815 F.3d 189.

Zavala-Molina's criminal history shows that she was previously convicted of transporting undocumented aliens in the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  An "alien smuggling offense" is defined in the Sentencing Guidelines by reference to its meaning in 8 U.S.C. § 1101(a)(43)(N).  See Commentary on U.S.S.G. § 2L1.2.  The term "alien smuggling" as used in 8 U.S.C. § 1101(a)(43)(N) specifically references any conviction under 8 U.S.C. § 1324(a)(1)(A).  As a result, the Sentencing Guidelines and the statute both define any conviction under 8 U.S.C. § 1324(a)(1)(A) as an "alien smuggling" offense for purposes of sentencing enhancements under U.S.S.G. § 2L1.2.

Moreover, the statutes in question – 8 U.S.C. § 1101(a)(43)(N) and 8 U.S.C. § 1324 (a)(1)(A) – do not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson or the panel's decision in Gonzalez-Longoria. See 8 U.S.C. § 1101(a)(43)(N); 8 U.S.C. § 1324(a)(1)(A).

Thus, Zavala-Molina's reliance on Johnson and its progeny is factually and legally misplaced; therefore, her claim is meritless and should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Maria Zavala-Molina's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Zavala-Molina's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Zavala-Molina's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 16, 2016.

Ronald G. Morgan
United States Magistrate Judge

9